IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
[ENTER] DIVISION

| | |
|---|---|
| Michael Hamblin, <br><br> Plaintiff, <br><br> v. <br><br> Biehl & Biehl, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Michael Hamblin, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Michael Hamblin ("Plaintiff"), is an adult individual residing in Amelia, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Biehl & Biehl, Inc. ("Biehl"), is a Illinois business entity with an address of 325 Fullerton Avenue, Carol Stream, Illinois 60188, operating as a collection agency,

and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Biehl and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Biehl at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Mayflower Moving Company (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Biehl for collection, or Biehl was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Biehl Engages in Harassment and Abusive Tactics**

## FACTS

12. Beginning in January, 2013, Biehl contacted Plaintiff in an attempt to collect the Debt.

13. During their initial communication that took place on January 14, 2014, a representative from Biehl called Plaintiff on his cellular phone, claiming to be the Creditor.

14. After Plaintiff expressed doubt as to if it was actually the Creditor he was speaking too, the representative admitted that he was actually calling from Biehl & Biehl in

2

regards to Plaintiff's Debt.

15. During the same initial conversation, Biehl failed to state they were calling for the purpose of collecting the Debt, and that any information obtained thereafter would be used for that purpose.

16. In the course of another conversation, Biehl's representative failed to identify himself and his employer and failed to advise the Plaintiff he was calling to collect a Debt.

17. In addition, Biehl sent electronic communication to the Plaintiff which failed to advise Biehl was a debt collector.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

30. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

31. Biehl & Biehl, Inc., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

32. The Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 18, 2014

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff